John D. PRATT, Appellant,

v.

TRINITY PROJECTS, INC., Appellee.

No. 09–99–343 CV.

Court of Appeals of Texas,
Beaumont.

Submitted May 30, 2000.

Decided Oct. 5, 2000.

Brian L. Jensen, Jensen, Rosen & Steinberg, Houston, for appellant.

Jack W. Dillard, Youngkin, Catlin, Bryan, Stacy & Dillard, Bryan, E.R. Norwood, The Norwood Law Firm, Liberty, for appellee.

Before WALKER, C.J., BURGESS and FARRIS,* JJ.

## OPINION

DAVID FARRIS, Justice (Assigned).

The appellant, John D. Pratt, raises three issues under which he asserts the trial court erred by denying his motion to reopen evidence after the verdict was returned, by finding there was no evidence to sustain the jury award of damages for loss of credit reputation, and by denying him recovery of prejudgment interest for a period of fifteen months. We sustain his first issue and remand in part for a new trial on the sole issue of attorney's fees. The remaining issues are overruled and the judgment affirmed in part.

■ Pratt's first issue is related to his claim for attorney's fees. Pratt complains the trial court abused its discretion by not allowing him to offer evidence under TEX. R.CIV.P. 270 proving he had made written demand for payment more than thirty days before trial. We agree.

Paragraph 4.8 of Pratt's Fifth Amended Original Petition clearly alleges presentment was made 30 days before trial. Trinity's Third Amended Answer is general denial along with eleven specific defenses, none of which allege non-presentment. Trinity's only objection to the jury question on attorney's fees was there had been no segregation between the various claims. Trinity's Motion To Disregard Jury Findings and Motion for Judgment Non Obstante Veredicto (j.n.o.v.) challenged attorney fee award on "no evidence" grounds. Trinity filed a Supplemental Motion To Disregard Jury Finding and Motion for Judgment Non Obstante Veredicto alleging there was no evidenced to support the jury's findings because Pratt "failed to make a proper presentment of his claims as required under TEX.CIV.PRAC. & REM. CODE § 38.002." The trial court granted the motion to disregard, finding there was no evidence of presentment, while contemporaneously denying Pratt's motion to reopen the evidence.[1] The trial court's rationale was:

> ... for the reason that the matter is controversial because the objections of the Plaintiff (sic) in addition to the not presentment has been that there was an overlapping of theories of recovery.
>
> . . . .
>
> And it seems to me that the Court—if the Court permitted the Plaintiff to reopen, would then have to face the controversial issue of apportioning or dealing with the failure of the Plaintiff to apportion the attorneys fees. The testimony on attorneys fees was simply one-thousand-I believe one-thousand hours at a hundred fifty dollars. There was no documentation and no showing when it was clear that the Plaintiff, for a long time, relied upon theories that were not recoverable in a contract case, and, therefore, that would render it controversial for the Court to permit the reopening of the evidence under Rule 270.

■ Trinity first argues the trial judge's stated rationale: the failure to segregate attorney's fees makes the matter controversial. However, the trial court was faced with that same objection at the

---

* The Honorable David Farris, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

1. Rule 270. Additional Testimony

   When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury. TEX. R.CIV.P. 270.

charge conference and overruled it.[2] Had the trial court sustained the objection, surely the court would have allowed Pratt to reopen and segregate the fees. Therefore, this argument and the judge's stated rationale seem to "blindside" Pratt. In any event, the remedy for failure to segregate fees is a remand. *See Texarkana Memorial Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 841 (Tex.1997).

Trinity next argues that the demand was excessive and this is what makes the issue controversial. However two courts have held that a party must affirmatively assert excessive demand, in their pleadings, as a defense to the claim for attorney's fees. Furthermore, that party must request and obtain findings of facts on the essential elements of excessive demand. *See Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d 205, 212–13 (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.); *Essex Crane Rental Corp. v. Striland Const. Co., Inc.*, 753 S.W.2d 751, 758 (Tex.App.—Dallas 1988, writ denied).

■ Furthermore, a demand is not excessive simply because it is greater than what the jury later determines is actually due. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex.1981). "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith." *Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873, 876 (Tex. App.—Waco 1998, no pet.).

■ The statute is to be liberally construed to promote its underlying purposes. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001– .006 (Vernon 1986); *Panizo v. Young Men's Christian Ass'n of the Greater Houston Area*, 938 S.W.2d 163, 168 (Tex. App.—Houston [1st Dist.] 1996, no writ). Certainly allowing Pratt to reopen to place the demand letter in evidence is consistent with the legislature's stated purpose. Therefore, the trial court's denial was an abuse of discretion and reversible error. Issue one is sustained.

■ Pratt next challenges the trial court's holding that there was no evidence to sustain the jury award for damage to his credit reputation. The issue involves the evidence necessary to prove lost credit reputation and not a dispute of the evidence before the jury. We overrule issue two because there was no evidence that Pratt was actually denied a loan or charged a higher rate of interest. *See Provident American Insurance Co. v. Castaneda*, 988 S.W.2d 189, 199 (Tex.1998); *St. Paul Surplus Lines Insurance Co. v. Dal–Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex.1998). Pratt's argument that damages for lost credit reputation may be proved in other ways is based upon a misunderstanding of the holding of Dal–Worth.

■ Finally, Pratt contends the trial court abused its discretion by denying him prejudgment interest for the period of April 10, 1997 through July 8, 1998. The legislative approach to prejudgment interest applies to common law cases as well as those governed by TEX.FIN.CODE ANN. §§ 304.101–304.108. *See Johnson & Higgins of Texas, Inc., v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex.1998). A trial court may order that prejudgment interest does not accrue during periods of delay considering the periods of delay caused by all parties. Section 304.108. The trial court did not explain its reasons not awarding prejudgment interest for approximately fifteen months while awarding prejudgment interest for the balance of the period beginning December 9, 1993 and ending April 20, 1999. Pratt did not object to the trial court's announced ruling, seek clarification for the basis of the ruling, or offer evidence or argument supporting an award of prejudgment for the

---

2. The jury arguments are not part of our record; consequently we are unable to ascertain whether Trinity argued the failure to segregate issue to the jury in an attempt to influence their answer.

entire time the case was pending. Accordingly, we conclude error was not preserved. *See* Tex.R.App.P. 33.1.

The judgment is reversed and the cause remanded for a new trial on the issue of attorney's fees. Otherwise, the judgment is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.