NO. 07-03-0345-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 18, 2004



______________________________




JOHN PEARL D/B/A LIGHTHOUSE BUSINESS PARK, APPELLANT



V.



PAUL PEACE, INDIVIDUALLY AND D/B/A 


THE BODY SHOP AND COLLISIONS CENTER AND 


PAUL PEACE'S BODY SHOP, INC. D/B/A THE BODY SHOP, APPELLEES




_________________________________



FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-12-07809-CV; HONORABLE FRED EDWARDS, JUDGE


_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR REHEARING


 Remaining convinced that our original disposition is correct, we overrule appellant
John Pearl's motion for rehearing with these additional comments. In our original opinion,
we held that issues four, five, six, and seven, (1) were not preserved for review per Rules
33.1(a) and 33.1(d) of the Texas Rules of Appellate Procedure. (2) Among other things, by
his motion for rehearing, Pearl contends the issues were preserved for appellate review
by his motion to modify final judgment and alternatively, motion for new trial.

 In addition to Rules 33.1(a) and 33.1(d), preservation of error by motion for new trial
also implicates Rules 320, 321, and 322 of the Texas Rules of Civil Procedure. Rule 320
requires that a motion for new trial be signed by the movant or the movant's attorney and
Rule 322 requires that generality be avoided to the extent that grounds couched in general
terms shall not be considered by the court. Rule 321 provides that each point in a motion
shall refer to that part of the ruling "in such a way that the objection can be clearly identified
and understood by the court." In order to fulfill the purpose of a motion for new trial, the
allegations in a motion for new trial must be sufficiently specific to enable the trial court to
clearly understand what is being alleged as error. D/FW Commercial Roofing Co., Inc. v.
Mehra, 854 S.W.2d 182, 189 (Tex.App.--Dallas 1993, no writ).

 Pearl sought to recover lease rentals of real estate consisting of approximately
13,700 square feet in Building C and number 105 of 12621 Highway 105, Conroe, per a
lease signed on November 3, 2000. The evidence also included an informal letter
agreement dated October 17, 2001, whereby, among other things, Pearl agreed to locate
suitable tenants for Suites 301, 302, 303, and 105; however, the original lease does not
refer to "suites" but only references 13,700 square feet in gross. Although the monthly
rental per the lease was $9280, the October 17 letter agreement did not make a rental
allocation per suite.

 In addition to denying Peace any recovery on his counterclaim against Pearl, as
material here, the judgment provided that Pearl have judgment against Peace as follows:

 1. The amount of $24,800.16 representing accrued rentals and future
rentals due under the lease agreement, less defendant's credits;

 2. The amount of $7,198 for re-leasing commissions;

 3. The amount of $9,287.68 for costs to repair the leased premises; and

 4. Prejudgment interest in the amount of $5,629.


As such, the judgment does not identify the "accrued rentals" awarded to Pearl or the
credits allowed to Peace. By his motion for new trial, Pearl questions the award of rentals
or credits for specific suites; however, the lease was silent as to "suites" and did not
apportion rentals to separate portions of the premises. Considering that the judgment does
not designate nor indicate the portion of the leased premises for which the rentals were
awarded and does not identify the "credits" allowed to Peace, and that findings of fact and
conclusions of law were not requested nor filed, the allegations in the motion for new trial
and issues presented here were not sufficiently specific to enable the trial court and this
Court to clearly understand what was being alleged as error and does not meet the
requirements of Rule 33.1(a), Mehra, 854 S.W.2d at 189, nor Pratt v. Trinity Projects, Inc.,
26 S.W.3d 767, 770 (Tex.App.--Beaumont 2000, pet. denied).

 Accordingly, John Pearl's motion for rehearing is overruled.


 Don H. Reavis

 Justice

1. Issue 4. Is appellee entitled to a credit of $7,860 for his security deposit?

 

 Issue 5. Is Pearl entitled to recover $62,113.60 in costs for preparing Suites 304
and 305 for re-leasing?


 Issue 6. Is Pearl entitled to recover $5,550 in costs for installing the firewall
between Suites 303 and 304 under the October 17 amendment?


 Issue 7. Is Pearl entitled to recover unpaid December 2001 rent on Suites 301, 302,
and 303 in the amount of $4,650?
2. Unlike issue two discussed in our original opinion, these issues do not present only
questions of law.