CITZENS BANK V. CITY OF RHOME

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-337-CV

CITIZENS NATIONAL BANK APPELLANT

IN WAXAHACHIE

V.

CITY OF RHOME, WISE COUNTY APPELLEES

AND NORTHWEST INDEPENDENT

SCHOOL DISTRICT

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

OPINION

------------

I. Introduction

In three issues, Citizens National Bank in Waxahachie (“CNB”) asserts error in the trial court concerning the court’s determination that fuel dispensers at the Rhome Texaco convenience store/service station were personalty, and not realty, for taxation purposes.  We reverse and render.

II. Background

This is a case of disputed fuel dispensers, and the question before this court involves a determination as to their tax status as personalty or realty. Weratich Investments, Inc. (Weratich) had become delinquent in its ad valorum taxes, and the City of Rhome, Wise County and the Northwest Independent School District (the Taxing Authorities) obtained a tax warrant on a property of Weratich commonly referred to as the Rhome Texaco.  CNB had a security interest and first position lien on the same property through a note between Weratich and CNB, and Weratich had defaulted on the note.  To prevent the seizure of the property by the sheriff and its sale to pay the delinquent taxes, CNB sought injunctive relief and a declaratory judgment that the fuel dispensers at the Rhome Texaco were realty, not personalty, and hence not subject to the tax warrant.

At the trial on CNB’s requested relief the court received the following evidence: (1) from CNB, testimony by affidavit from Jeff Johnson with attachments A (Pumps and Dispensers installation manual) and B (Pumps and Dispensers Site preparation), and thirty-one photographs marked Exhibits 1 through 31, and (2) from the Taxing Authorities, no testimony at all, but a Field Appraisers Guide and an unexplained photograph, marked as plaintiff’s Exhibits 1 and 2, respectively, with no accompanying testimony by affidavit or otherwise.  The trial court denied CNB’s requested relief, entered a declaratory judgment that the fuel dispensers are personal property subject to sale pursuant to said Tax Warrant, and provided findings of fact and conclusions of law. 

III. Issues Presented

On appeal, CNB raises the following three issues:

(1)  The trial court erred in holding that the fuel dispensers were not permanent improvements because “permanence” is not a characteristic that is required under current Texas law;

(2)  The trial court erred in holding that the fuel dispensers are personal property as defined under the Texas Property Tax Code because the Taxing Authorities presented no evidence and/or insufficient evidence to support such a holding by the trial court; and

(3)  The trial court erred in not holding as a matter of law that the fuel dispensers attached to real property are “fixtures” and therefore “improvements” as defined by the Texas Tax Code.

IV.  Standard of Review

Declaratory judgments are reviewed under the same standards as other judgments or decrees.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.010 (Vernon 1997).  Declaratory judgments may determine fact issues in the same manner as issues of fact are determined in other civil actions.  
See id
. § 37.007.  

Findings of fact entered in a case tried to the court have the same force and dignity as a jury
’
 s answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court
’
 s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury
’
 s answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).
  Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts.  
Dominey v. Unknown Heirs and Legal Representatives of Lokomski
, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.); 
Rogers v. City of Fort Worth
, 89 S.W.3d 265, 277 (Tex. App.—Fort Worth 2002, no pet.).

A legal sufficiency challenge may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary proposition is established as a matter of law.
  Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 241 (Tex. 2001); 
Sterner v. Marathon Oil Co.
, 767 S.W.2d 686, 690 (Tex. 1989).
  
In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005). 

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

V.  Permanence

CNB’s first issue challenges the trial court’s Finding of Fact # 3, which states, “The method and design of the dispensers and their annexation to the realty shows the owner’s intention was not to make them a 
permanent
 part of the realty to which they were affixed.”  [Emphasis supplied.]  CNB also challenges the trial court’s Conclusion of Law # 3, which states, “The fuel dispensers seized by the tax warrant issued in this cause are not 
permanent
 improvements to the real property upon which they are affixed.”  [Emphasis supplied.]  CNB argues that permanence is not a required element for the fuel dispensers to qualify as realty.

Section 1.04(2) of the Texas Tax Code defines “real property” in relevant part as “land” and “an improvement” to land.  
See
 
Tex. Tax Code Ann. 
§ 1.04(2)(A)-(B) (Vernon Supp. 2005).  Section 1.04(3) of the Texas Tax Code defines an “improvement” as “a building, structure, fixture, or fence erected on or affixed to land.”  
See
 
id
.
 
§ 1.04(3).  Thus, an improvement is a fixture erected on or affixed to land, and an improvement is “real property” for purposes of ad valorem taxation.  Our Texas Supreme Court has addressed personalty as fixtures as follows:

Three factors are relevant in determining whether personalty has become a fixture, that is, a 
permanent 
part of the realty to which it is affixed: (1) the mode and sufficiency of annexation, either real or constructive; (2) the adaptation of the article to the use or purpose of the realty; and (3) the intention of the party who annexed the chattel to the realty.  
O'Neal v. Quilter
, 111 Tex. 345, 234 S.W. 528, 529 (1921), 
Fenlon v. Jaffee
, 553 S.W.2d 422, 428 (Tex. Civ. App.—Tyler 1977, writ ref'd n.r.e.).  The third criterion dealing with intention is preeminent, whereas the first and second criteria constitute evidence of intention.  
Fenlon v. Jaffee
, 553 S.W.2d at 428; 
Hutchins v. Masterson
, 46 Tex. 551, 554 (1887).

Intent is made apparent by objective manifestations
.  Citizens' National Bank of Abilene v. Elk Mfg. Co.
, 29 S.W.2d 1062, 1065 (Tex. Comm'n App. 1930, judgmt adopted)
.  See also City of Pinehurst v. Spooner Addition Water Co.
, 432 S.W.2d 515, 518 (Tex. 1968).  As a general rule, intent is a question of fact to be decided by the jury.  However, even testimony of intention that the chattel was not meant to become a fixture will not prevail in the face of undisputed evidence to the contrary.  
See  Ruby v. Cambridge Fire Ins. Co.
, 358 S.W.2d 943, 946 (Tex. Civ. App.—Dallas 1962, no writ).  Where reasonable minds cannot differ, the issue is one of law rather than one of fact.  
See Exchange Savings & Loan Association v. Monocrete Pty. Ltd.
, 629 S.W.2d 34, 37 (Tex. 1982) when this court in effect held that cement roofing tiles affixed to a dwelling were fixtures as a matter of law for purposes of determining lien priorities under
 Tex. Rev. Civ. Stat. Ann. 
art. 5459.

Logan v. Mullis
, 686 S.W.2d 605, 607-08 (Tex. 1985) (emphasis supplied).

Further, 

An improvement includes all additions to the freehold except for trade fixtures which can be removed without injury to the property.  Generally, whether an attachment of personalty to realty constitutes an improvement is a question of the owner’s intent. . . . The owner’s intent is critical because personalty does not constitute an improvement until it is annexed to realty.  To constitute an improvement there must be a joinder of personalty with realty. . . . Only upon annexation does the personalty lose its characteristics as personal property and become viewed as an improvement.

Sonnier v. Chisholm-Ryder Co.
, 909 S.W.2d 475, 479 (Tex. 1995).

The use of the word “permanent” in the 
Logan
 case clearly demonstrates its relevance as an overriding element of consideration, and CNB’s first issue is overruled to the extent it is a complaint that permanence is not an issue in the personalty-as-fixture consideration.

VI.  Sufficiency of Evidence

In its second issue, CNB argues error on the part of the trial court in that its holding that the fuel dispensers were personalty is not supported by legally or factually sufficient evidence.  We agree.

The Taxing Authorities presented two items of evidence to the trial court—an April 2003 Field Appraiser’s Guide and an unexplained photograph depicting an unidentified and apparently abandoned truckstop.  With regard to the Guide, the court made Finding of Fact # 4:  “The appraisal manual issued by the Comptroller of the State of Texas instructs appraisal districts in the State of Texas to assess and appraise fuel dispensers as personal property for purposes of ad valorem taxation.”  The court also made the following  Conclusion of Law # 4 with respect to the Guide: 

The appraisal manual issued by the Comptroller of the State [of] Texas instructs appraisal districts in the State of Texas to assess and appraise fuel dispensers, like the ones seized herein, as personal property and the opinion and instruction of a State Agency given authority by the legislature to instruct and assist in the appraising and assessing of ad valorem taxes shall be given great weight and deference under the law.

The Guide indicates that “commercial personal property consists of both inventory and FF&E (furniture, 
fixtures
, and equipment)” and goes on to list various types of fuel dispensers in the Guide’s appendix, including “service station equipment, signs, piping, and tanks.”  [Emphasis supplied.]  Yet, as has previously been discussed, a fixture affixed to land is an “improvement” and “real property” under the Texas Tax Code.
  Tex. Tax Code Ann.
 § 1.04.  The Guide is accompanied by no evidence of its application or authority, nor are these issues briefed for this court.  On the other hand, the affidavit of Jeff Johnson, submitted by CNB, reads as follows: 

4. . . . The overall fuel delivery system is extensively incorporated into the real property of the convenience store. . . . 

5.  The fuel pumps or dispensers themselves are typically mounted and installed on concrete “islands” that are poured in place as part of the design and construction of the overall convenience store facility.  The concrete islands often have anchor bolts affixed in the concrete to which the pump or dispenser is bolted.  In addition to being bolted to the concrete islands, fuel pumps and dispensers are wired to the electrical supply, intercom, and monitoring systems. . . . Additionally, fuel pumps and dispensers are plumbed to the fuel storage and piping.  The fuel pumps and dispensers are typically set in place on the concrete island using heavy machinery such as crane or forklift. . . . 

6.  The units located at the convenience store in Rhome, Texas that are at issue in this case are Gilbarco brand fuel dispensers. . . . Attached to this Affidavit as Exhibit A is a true and correct copy of the Gilbarco Pumps and Dispensers Installation Manual.  The information and instructions contained in Exhibit A are typical, and would apply to the installation of the dispensers at issue. . . . Page 27 illustrates that when designing a convenience store property, the owner or design professional should plan for the configuration and location of the concrete island, fuel piping, and wiring conduits as necessary to accept the fuel pump.  

7.  Page 6 of Exhibit A also highlights the extent to which fuel pumps are incorporated into the real property and its other fixtures and improvements. . . . 

8.  Attached to this Affidavit as Exhibit B is a true and correct copy of the Gilbarco Pumps and Dispensers Site Preparation Manual. . . . Exhibit B illustrates the extent to which dispenser installation must be accounted for and included in the design of the overall convenience store. . . . Many of these fixtures must be physically constructed into the real property, and they form an integral part of the annexation of the dispenser into the property and the fuel distribution system.  

9.  Having worked for approximately 7 years with Texaco overseeing numerous convenience store locations, the fuel pumps are annexed into the real property as much as, if not more than, restroom fixtures (e.g. toilets and lavatories) and air conditioning equipment (e.g. exterior condenser units).  Additionally, based upon my experience, once fuel pumps and a fuel distribution system are annexed into a convenience store, it is the intent that the fuel pumps remain there permanently.  Based upon my experience, fuel pumps are usually only removed and replaced due to damage, upgrades, and obsolescence, as is the case with other fixtures such as air conditioning equipment.  Fuel pumps may remain in place and in service for many years.  

10.  When fuel dispensers are removed, the removal can potentially cause damage to the convenience store. . . . Additionally, reconfiguration of the concrete islands, the STP, the piping, and/or the wiring conduit might be necessary (and costly) in order to accommodate new or different fuel dispensers.  If the fuel dispensers are not replaced, the entire fuel distribution system should be removed, including removal of the fuel storage tanks.

Hence, the only factual evidence of the 
Logan 
factors was presented by CNB.  We hold that the Guide, standing alone, with no supporting evidence of application or authority, and without briefing on this issue is no evidence supporting the trial court’s determination that the fuel dispensers are personalty when accompanied by no other meaningful evidence (including an unexplained photograph).  As such, we sustain CNB’s second issue.

VII. A Fixture as a Matter of Law

In its third issue, CNB asserts that the trial court erred in not holding as a matter of law that the fuel dispensers attached to real property are “fixtures” and therefore “improvements” as defined by the Texas Tax Code.  In other words, CNB urges that it has conclusively established that the fuel dispensers are realty.  We agree.  A review of the evidence submitted by CNB, as previously recounted, satisfies the 
Logan
 factors and establishes the dispensers as realty under the facts of this case and based on the evidence before the trial court.

VIII.  Conclusion

Having overruled CNB’s first issue but sustained its second and third issues, we reverse the judgment of the trial court.  We render a declaratory judgment that the Gilbarco fuel dispensers located at 700 South Main, City of Rhome, Texas, that were seized pursuant to the tax warrant previously issued in this cause by the trial court are realty and are not subject to sale pursuant to the tax warrant.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: August 10, 2006