COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-179-CV

 

 

AERO DFW, LP                                                                    APPELLANT

 

                                                   V.

 

TERRY SWANSON D/B/A                                                         APPELLEE

SWANSON
FARM SERVICES

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Aero DFW, LP
appeals the judgment of the district court refusing to grant attorneys= fees based on the doctrine of excessive demand.  Appellant complains that the trial court
erred by denying attorneys= fees, challenging the legal and factual sufficiency of the trial
court=s findings of fact and the correctness of its conclusion of law in
support of its ruling.  We affirm.








 

Background Facts

Appellant and appellee Terry
Swanson d/b/a Swanson Farm Services executed a lease on September 24, 2002 for
commercial property located at the Dallas/Fort Worth International
Airport.  The lease stated that the term would
begin on October 1, 2002, terminate on September 30, 2004, and require monthly
payments of $1,254.[2]

Appellee paid a security
deposit and rent for the first two months but abandoned the leased property in
late November 2002 and discontinued paying rent.  Appellant sent appellee two lettersCthe first dated January 14, 2003 and the second dated January 23, 2003Cnotifying appellee that he was in default under the lease and
informing him that $2,716 was Aimmediately due@ for
December 2002 and January 2003 rent.  The
$2,716 did not include any late fees.  On
March 31, 2003, appellant=s general
counsel sent appellee a demand letter, which read as follows:

It is my understanding that you have vacated the
above-referenced property and discontinued paying rent.  This matter has been turned over to me for
collection.  The following amounts are
due under the lease dated September 24, 2002 (ALease@):

 

Base Rent (12/1/02B9/30/04)        $27,588.00

Late Fees                                      $1,931.00








 

Total                                 $29,519.00

 

In addition to the above, there may be additional
amounts due under the Lease.  However,
unless we receive the outstanding amount due of $29,519.00 within the next
three (3) business days, this matter will be turned over to our local attorneys
for collection at your cost.

 

On April 10, 2003, five
months after appellee vacated the premises and seventeen days after the March
31 demand letter, appellant and D&M Distributors executed a lease for the
same property to begin on May 1, 2003. This lease provided for a monthly
payment of $1,300 and terminated April 30, 2006.








Appellant filed suit on May
23, 2003 requesting damages and attorneys= fees for appellee=s breach of the lease.  During
discovery, appellant made several different assertions of the amount due.  On October 21, 2003, in its response to
appellee=s request for disclosures, appellant claimed that appellee owed
$30,000.  On the same day, in its
response to interrogatories, appellant claimed that appellee owed
$300,000.  In June 2004, appellant also
claimed that appellee owed $300,000 in a supplemental response to appellee=s request for disclosures.[3]  In May and August 2005, appellant again
responded to appellee=s request
for disclosures, claiming that appellee owed $51,776.10.

In September 2005, appellee
offered to settle for $6,270; however, appellant rejected the offer and
responded with a counteroffer of $18,000. Appellee did not accept the offer,
and appellant submitted another offer for the same amount.  Appellant later modified its response to the
request for disclosures, claiming that appellee owed only $6,708.86 in damages.

After a bench trial, the
trial court found that appellant was entitled to damages in the amount of
$5,860.32 but also found that appellant=s demands for payment were unreasonable and, accordingly, denied
appellant=s attorneys= fees claim based on the doctrine of excessive demand.

Issues Presented








In its first issue, appellant
contends generally that the trial court erred by denying it attorneys= fees for appellee=s breach of the lease.  In its
second through fifth issues, appellant contends that the evidence is legally
and factually insufficient to support the trial court=s findings that appellant=s demands were unreasonable, that it made an excessive demand on
appellee, that its demands sought amounts to which it was not entitled, and
that appellee is not liable to appellant for attorneys= fees due to appellant=s excessive demands.  Also in
its fifth issue, appellant challenges the correctness of the trial court=s conclusion that due to appellant=s excessive demand, appellee is not liable to appellant for attorneys= fees.  Appellant briefs these
five issues together, and for ease of discussion, we will address them
together.

Standard of Review

Findings of fact entered in a case tried to the court have the
same force and dignity as a jury=s answers to jury
questions.  Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991). 
The trial court=s findings of fact are reviewable for
legal and factual sufficiency of the evidence to support them by the same
standards that are applied in reviewing evidence supporting a jury=s answer.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).








A legal sufficiency challenge may only be sustained
when:  (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 TEX. L. REV. 361, 362-63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).

An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

Conclusions of law may not be challenged for factual
sufficiency, but they may be reviewed to determine their correctness based upon
the facts.  Citizens Nat=l Bank v. City of
Rhome, 201 S.W.3d 254, 256 (Tex. App.CFort Worth 2006,
no pet.); Dominey v. Unknown Heirs and Legal Representatives of Lokomski,
172 S.W.3d 67, 71 (Tex. App.CFort Worth 2005,
no pet.).








Applicable Law

A creditor
who makes an excessive demand on a debtor is not entitled to attorneys= fees for litigation required to recover the debt.  Findlay v. Cave, 611 S.W.2d 57, 58
(Tex. 1981); Hernandez v.  Lautensack,
201 S.W.3d 771, 777 (Tex. App.CFort Worth 2006, pet. denied). 
A demand is not excessive simply because it is greater than what the
fact-finder later determines is actually due. 
Hernandez, 201 S.W.3d at 777; Pratt v. Trinity Projects, Inc.,
26 S.W.3d 767, 769 (Tex. App.CBeaumont 2000, pet. denied). 
That a creditor=s demand is
greater than the amount the fact-finder eventually determines is due may be
evidence of an excessive demand, but Ait cannot be the only criterion . . ., especially where the amount due
is unliquidated.@  Findlay, 611 S.W.2d at 58.  The
dispositive inquiry for determining whether a demand is excessive is whether
the creditor acted unreasonably or in bad faith.  Hernandez, 201 S.W.3d at 777; Pratt,
26 S.W.3d at 769.  Application of this
rule is limited to situations in which the creditor refuses a tender of the
amount actually due or indicates clearly to the debtor that such a tender would
be refused.  Findlay, 611 S.W.2d
at 58; Hernandez, 201 S.W.3d at 777.








In the absence of bad faith,
a demand can be found excessive if it seeks an unreasonable amount from the
debtor.  Pennington v. Jerry F.
Gurkoff, D.O., P.A., 899 S.W.2d 767, 772 (Tex.  App.CFort Worth 1995, writ denied). 
If a creditor demands monies to which he is not entitled, that demand is
unreasonable and, consequently, excessive. 
Wayne v. A.V.A. Vending, Inc., 52 S.W.3d 412, 418 (Tex. App.CCorpus Christi 2001, pet. denied); see  Ingham v. Harrison, 148 Tex. 380, 224
S.W.2d 1019, 1022 (1949).

Analysis

On March 31, 2003, appellant
demanded that appellee pay $27,588, which represented the rent due from
December 2004 (the date of the initial breach) through September 2004 (the date
the lease was to originally terminate), plus late fees for the same time period
totaling $1,931; this amount is approximately five times the amount ultimately
awarded by the trial court.

The lease provided that if
appellee defaulted, appellant could Aelect not to terminate [the] Lease but to (i) recover . . ., in
advance, the present value of the future Rent.@  It also provided that A[e]ach Rent payment not received by the fifth of the month shall bear
a late charge of two percent per month from the due date plus a one-time
bookkeeping charge of five percent of the amount due.@  However, as of March 31, 2003,
the date of the demand letter, only four of the monthly rent payments were
late, so appellee owed only a small part of the $1,931 in late fees rather than
the full amount claimed by appellant. 
Moreover, the remedies provision of the lease did not allow for
collection of such late fees in advance.








At the time of the March 31
demand letter, although appellant had a statutory duty to mitigate its damages,[4]
there is no evidence that it had yet agreed to the terms of the lease with
D&M Distributors, Inc.  Therefore,
the only evidence that this demand was excessive is with respect to the late
fees due.  However, it is undisputed that
appellee did not owe appellant $1,931 in late fees, either on March 31 or at
trial.  Accordingly, there is evidence
supporting the trial court=s findings that appellant demanded payment for amounts to which it was
not entitled and which were, therefore, unreasonable.  Furthermore, the demand letter indicated that
appellee could owe Aadditional
amounts@ under the lease.








Additionally, appellant=s demand letter stated that the collection would be turned over to
attorneys if the full amount of $29,519 was not paid within three
days.  Accordingly, appellant=s letter indicates a refusal to accept a tender of any amount less
than $29,519, an amount greater than what it was owed.  The Fourteenth Court of Appeals has held that
a demand letter stating that the company would accept no less than full payment
indicated a refusal to accept tender of any amount less than what was demanded.
Warrior Constructors, Inc.  v. Small
Bus.  Inv.  Co.  of
Houston, 536 S.W.2d 382, 386 (Tex. Civ. App.CHouston [14th Dist.] 1976, no writ). 
We agree and hold that appellant=s March 31 demand letter indicates a refusal to accept a tender of any
amount less than $29,519.








Moreover, even after filing
suit and reletting the leased premises for a monthly rental amount greater than
the monthly rental amount due under its lease with appellee, appellant
continued to maintain that appellee owed rent for the full amount of the lease
term without any credit for the rent subsequently paid by the new tenant.  Appellant=s counsel admitted at trial that appellant=s discovery responses initially did not provide for any such offset in
the amount claimed because he was researching a legal theory to support an
argument that appellant was not required to make such an offset.  According to counsel, only after he had
concluded that such an argument was not sustainable were the discovery
responses amended to include such an offset in the amount claimed.  This is further evidence of appellant=s indication to appellee that it would not accept a tender of a lesser
amount than what it claimed appellee owed. 
Cf. Ingham, 224 S.W.2d at 1022 (holding that appellee=s refusal to close loan without dropping claims for Aextras@ for which
trial court later determined he was not owed, and without allowing offset that
trial court later determined was proper, constituted an Aunjust demand@ and was in
effect as if appellants had offered a tender at that time).  Accordingly, we conclude and hold that there
is sufficient evidence to support the trial court=s findings of fact and that the trial court=s conclusion of law is correct. 
We overrule appellant=s five issues.

Conclusion

Having overruled appellant=s five issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
March 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]The
first two months= rent
payments were only $896 per month.





[3]Appellant
maintained at trial, and the trial court appeared to accept, that this amount
was a typographical error.





[4]Section
91.006 of the Texas Property Code requires a landlord to mitigate his damages
after the breach of a lease and declares void any lease provision to the
contrary.  See Tex. Prop. Code Ann. '
91.006 (Vernon Supp. 2006); Lunsford Consulting Group, Inc. v. Crescent Real
Estate Funding VIII, L.P., 77 S.W.3d 473, 476 (Tex. App.CHouston
[1st Dist.] 2002, no pet.); see also Austin Hill Country Realty, Inc.
v. Palisades Plaza, Inc., 948 S.W.2d 293, 299‑300 (Tex. 1997), abrogated
in part by Tex. Prop. Code Ann.
'
91.006.