AERO DFW V. SWANSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-179-CV

AERO DFW, LP APPELLANT

V.

TERRY SWANSON D/B/A APPELLEE

SWANSON FARM SERVICES

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Aero DFW, LP appeals the judgment of the district court refusing to grant attorneys’ fees based on the doctrine of excessive demand.  Appellant complains that the trial court erred by denying attorneys’ fees, challenging the legal and factual sufficiency of the trial court’s findings of fact and the correctness of its conclusion of law in support of its ruling.  We affirm.

Background Facts

Appellant and appellee Terry Swanson d/b/a Swanson Farm Services executed a lease on September 24, 2002 for commercial property located at the Dallas/Fort Worth International Airport.  The lease stated that the term would begin on October 1, 2002, terminate on September 30, 2004, and require monthly payments of $1,254.
(footnote: 2)
 Appellee paid a security deposit and rent for the first two months but abandoned the leased property in late November 2002 and discontinued paying rent.  Appellant sent appellee two letters—the first dated January 14, 2003 and the second dated January 23, 2003—notifying appellee that he was in default under the lease and informing him that $2,716 was “immediately due” for December 2002 and January 2003 rent.  The $2,716 did not include any late fees.  On March 31, 2003, appellant’s general counsel sent appellee a demand letter, which read as follows:

It is my understanding that you have vacated the above-referenced property and discontinued paying rent.  This matter has been turned over to me for collection.  The following amounts are due under the lease dated September 24, 2002 (“Lease”):

Base Rent (12/1/02–9/30/04) $27,588.00

Late Fees 
  $1,931.00

Total $29,519.00

In addition to the above, there may be additional amounts due under the Lease.  However, unless we receive the outstanding amount due of $29,519.00 within the next three (3) business days, this matter will be turned over to our local attorneys for collection at your cost.

On April 10, 2003, five months after appellee vacated the premises and seventeen days after the March 31 demand letter, appellant and D&M Distributors executed a lease for the same property to begin on May 1, 2003. This lease provided for a monthly payment of $1,300 and terminated April 30, 2006.

Appellant filed suit on May 23, 2003 requesting damages and attorneys’ fees for appellee’s breach of the lease.  During discovery, appellant made several different assertions of the amount due.  On October 21, 2003, in its response to appellee’s request for disclosures, appellant claimed that appellee owed $30,000.  On the same day, in its response to interrogatories, appellant claimed that appellee owed $300,000.  In June 2004, appellant also claimed that appellee owed $300,000 in a supplemental response to appellee’s request for disclosures.
(footnote: 3)  In May and August 2005, appellant again responded to appellee’s request for disclosures, claiming that appellee owed $51,776.10
.

In September 2005, appellee offered to settle for $6,270; however, appellant rejected the offer and responded with a counteroffer of $18,000. Appellee did not accept the offer, and appellant submitted another offer for the same amount.  Appellant later modified its response to the request for disclosures, claiming that appellee owed only $6,708.86
 in damages.

After a bench trial, the trial court found that appellant was entitled to damages in the amount of $5,860.32 but also found that appellant’s demands for payment were unreasonable and, accordingly, denied appellant’s attorneys’ fees claim based on the doctrine of excessive demand.

Issues Presented

In its first issue, appellant contends generally that the trial court erred by denying it attorneys’ fees for appellee’s breach of the lease.  In its second through fifth issues, appellant contends that the evidence is legally and factually insufficient to support the trial court’s findings that appellant’s demands were unreasonable, that it made an excessive demand on appellee, that its demands sought amounts to which it was not entitled, and that appellee is not liable to appellant for attorneys’ fees due to appellant’s excessive demands.  Also in its fifth issue, appellant challenges the correctness of the trial court’s conclusion that due to appellant’s excessive demand, appellee is not liable to appellant for attorneys’ fees.  Appellant briefs these five issues together, and for ease of discussion, we will address them together.

Standard of Review

Findings of fact entered in a case tried to the court have the same force and dignity as a jury
’
s answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court
’s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury
’
s answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005).

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts.  
Citizens Nat’l Bank v. City of Rhome
, 201 S.W.3d 254, 256 (Tex. App.—Fort Worth 2006, no pet.); 
Dominey v. Unknown Heirs and Legal Representatives of Lokomski
, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

Applicable Law

A creditor who makes an excessive demand on a debtor is not entitled to attorneys’ fees for litigation required to recover the debt.  
Findlay v. Cave
, 611 S.W.2d 57, 58 (Tex. 1981); 
Hernandez v.  Lautensack
, 201 S.W.3d 771, 777 (Tex. App.—Fort Worth 2006, pet. denied)
.  A demand is not excessive simply because it is greater than what the fact-finder later determines is actually due.  
Hernandez
, 201 S.W.3d at 777; 
Pratt v. Trinity Projects, Inc
., 26 S.W.3d 767, 769 (Tex. App.—Beaumont 2000, pet. denied).  That a creditor’s demand is greater than the amount the fact-finder eventually determines is due may be evidence of an excessive demand, but “it cannot be the only criterion . . ., especially where the amount due is unliquidated.”  
Findlay
, 611 S.W.2d at 58.  
 The dispositive inquiry for determining whether a demand is excessive is whether the creditor acted unreasonably or in bad faith.  
Hernandez
, 201 S.W.3d at 777
; 
Pratt
, 26 S.W.3d at 769
.  Application of this rule is limited to situations in which the creditor refuses a tender of the amount actually due or indicates clearly to the debtor that such a tender would be refused.  
Findlay
, 611 S.W.2d at 58; 
Hernandez
, 201 S.W.3d at 777.

In the absence of bad faith, a demand can be found excessive if it seeks an unreasonable amount from the debtor.  
Pennington v. Jerry F. Gurkoff, D.O., P.A.
, 899 S.W.2d 767, 772 (Tex.  App.—Fort Worth 1995, writ denied).
 
 If a creditor demands monies to which he is not entitled, that demand is unreasonable and, consequently, excessive.  
Wayne v. A.V.A. Vending, Inc
., 52 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied); 
see  Ingham v. Harrison
, 148 Tex. 380, 224 S.W.2d 1019, 1022 (1949).

Analysis

On March 31, 2003, 
appellant demanded that appellee pay $27,588, which represented the rent due from December 2004 (the date of the initial breach) through September 2004 (the date the lease was to originally terminate), plus late fees for the same time period totaling $1,931; this amount is approximately five times the amount ultimately awarded by the trial court.

The lease provided that if appellee defaulted, appellant could “elect not to terminate [the] Lease but to (i) recover . . ., in advance, the present value of the future Rent.”  It also provided that “[e]ach Rent payment not received by the fifth of the month shall bear a late charge of two percent per month from the due date plus a one-time bookkeeping charge of five percent of the amount due.”  However, as of March 31, 2003, the date of the demand letter, only four of the monthly rent payments were late, so appellee owed only a small part of the $1,931 in late fees rather than the full amount claimed by appellant.  Moreover, the remedies provision of the lease did not allow for collection of such late fees in advance.

At the time of the March 31 demand letter, although appellant had a statutory duty to mitigate its damages,
(footnote: 4) there is no evidence that it had yet agreed to the terms of the lease with D&M Distributors, Inc.  Therefore, the only evidence that this demand was excessive is with respect to the late fees due.  However, it is undisputed that appellee did not owe appellant $1,931 in late fees, either on March 31 or at trial.  Accordingly, there is evidence supporting the trial court’s findings that appellant demanded 
payment for amounts to which it was not entitled and which were, therefore, unreasonable.  Furthermore, the demand letter indicated that appellee could owe “additional amounts” under the lease.

Additionally, appellant’s demand letter stated that the collection would be turned over to attorneys if the 
full
 amount of $29,519 was not paid within three days.  Accordingly, appellant’s letter indicates a refusal to accept a tender of any amount less than $29,519, an amount greater than what it was owed.
  The Fourteenth Court of Appeals has held that a demand letter stating that the company would accept no less than full payment indicated a refusal to accept tender of any amount less than what was demanded. 
Warrior Constructors, Inc.  v. Small Bus.  Inv.  Co.  of Houston
, 536 S.W.2d 382, 386 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ).
  
We agree and hold that appellant’s March 31 demand letter indicates a refusal to accept a tender of any amount less than $29,519.

Moreover, even after filing suit and reletting the leased premises for a monthly rental amount greater than the monthly rental amount due under its lease with appellee, appellant continued to maintain that appellee owed rent for the full amount of the lease term without any credit for the rent subsequently paid by the new tenant.  Appellant’s counsel admitted at trial that appellant’s discovery responses initially did not provide for any such offset in the amount claimed because he was researching a legal theory to support an argument that appellant was not required to make such an offset.  According to counsel, only after he had concluded that such an argument was not sustainable were the discovery responses amended to include such an offset in the amount claimed.  This is further evidence of appellant’s indication to appellee that it would not accept a tender of a lesser amount than what it claimed appellee owed.  
Cf. Ingham
, 224 S.W.2d at 1022 (holding that appellee’s refusal to close loan without dropping claims for “extras” for which trial court later determined he was not owed, and without allowing offset that trial court later determined was proper, constituted an “unjust demand” and was in effect as if appellants had offered a tender at that time).  Accordingly, we conclude and hold that there is sufficient evidence to support the trial court’s findings of fact and that the trial court’s conclusion of law is correct.  We overrule appellant’s five issues.

Conclusion

Having overruled appellant’s five issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The first two months’ rent payments were only $896 per month.

3:
Appellant maintained at trial, and the trial court appeared to accept, that this amount was a typographical error.

4:
Section 91.006 of the Texas Property Code requires a landlord to mitigate his damages after the breach of a lease and declares void any lease provision to the contrary.  
See
 
Tex. Prop. Code Ann
. § 91.006 (Vernon Supp. 2006); 
Lunsford Consulting Group, Inc. v. Crescent Real Estate Funding VIII, L.P
., 77 S.W.3d 473, 476 (Tex. App.—Houston [1st Dist.] 2002, no pet.); 
see also
 
Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc
., 948 S.W.2d 293, 299-300 (Tex. 1997), 
abrogated in part by
 
Tex. Prop. Code Ann
. § 91.006.