HERNANDEZ V. LAUTENSACK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-085-CV

ROY HERNANDEZ, INDIVIDUALLY APPELLANT

AND D/B/A HERNANDEZ ROOFING                                     AND APPELLEE

V.

PHILIP LAUTENSACK APPELLEE

AND APPELLANT

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Roy Hernandez, individually and d/b/a/ Hernandez Roofing and Philip Lautensack filed cross appeals from a judgment in favor of Lautensack concerning the roof Hernandez put on Lautensack’s house.  In three issues, Hernandez argues that Lautensack’s presuit notice under the Residential Construction Liability Act was untimely, that there was no evidence that Lautensack’s alleged damages were reasonable, and that the trial court erred in awarding attorney’s fees to Lautensack because his presuit demand was excessive.  In two issues, Lautensack argues that the evidence conclusively proved his attorney’s fees in an amount double what the jury awarded to him and that the trial court erred by refusing to reopen testimony so that Lautensack’s counsel could testify about appellate attorney’s fees.  We modify the trial court’s judgment and affirm it as modified.

Factual and Procedural Background

In 1999, Lautensack hired Hernandez to replace the slate tile roof on Lautensack’s residence at a cost of $20,000.  The new roof had many leaks that Hernandez was unable to stop.  In 2002, Hernandez told Lautensack that the leaks were the result of hail damage and offered to replace the roof for $9,100 in labor charges if Lautensack provided new slate tiles at a cost of $25,000.  Unhappy with Hernandez’s prior work, Lautensack hired another roofer, Kip Petty, to install a new cement tile roof for $32,300.  Petty documented several defects in Hernandez’s previous roofing job, including lack of proper underlayment, lack of metal flashing, and improper tile spacing.  Petty replaced the roof in September 2002. 

Lautensack sent Hernandez a claim notice letter on February 12, 2003, by certified and regular mail.  The letter described various problems with the roof, alleged breaches of express warranties and DTPA violations, and threatened litigation unless Hernandez paid Lautensack $41,880.  The certified letter was returned unclaimed; the regular letter was not returned.  Hernandez did not reply.

Lautensack sued Hernandez on April 17, 2003, for breach of contract, misrepresentation, fraud, and deceptive trade practices and sought actual damages, attorney’s fees, and exemplary damages.  Hernandez responded with a plea in abatement claiming that Lautensack had failed to serve the requisite presuit notice under the Residential Construction Liability Act (“RCLA”).  
See
 
Tex. Prop. Code Ann.
 §§ 27.001–.003 (Vernon Supp. 2005), .0031 (Vernon 2000), .004 (Vernon Supp. 2005), .0041 (Vernon 2000), .0042 (Vernon Supp. 2005, .005-.006 (Vernon 2003), .007 (Vernon Supp. 2005).  Though Lautensack contended that his first letter was sufficient notice under the RCLA, he eventually sent a second notice letter in response to Hernandez’s plea in abatement. 

The case was ultimately tried to a jury.  The jury returned a verdict in favor of Lautensack on all causes of action and awarded him $24,750 in actual damages plus $10,680 in attorney’s fees.  The jury also found that Lautensack’s RCLA notice was untimely because it did not give Hernandez the opportunity to inspect the alleged roof defects and offer to repair them.  For reasons not relevant to this appeal, the trial court disregarded the jury’s answers to the breach of warranty and DTPA issues.  The trial court then signed a judgment in favor of Lautensack for the amounts awarded by the jury. Both parties appealed.

Discussion

Hernandez’s Issues

Timeliness of RCLA notice

In his first issue, Hernandez argues that the trial court erred by rendering judgment for Lautensack because the jury found that Lautensack’s presuit notice failed to meet the requirements of the RCLA.  We disagree.

Section 27.004 of the RCLA provides that a claimant seeking damages arising from a contractor’s construction defect must give the contractor written notice of the alleged defect more than sixty days before filing suit.  
Tex. Prop. Code Ann.
 § 27.004(a).  After receiving notice, the contractor has thirty-five days to inspect the property and forty-five days to make a written offer of settlement.  
Id
. § 27.004(a)–(b).  Under the RCLA as amended in 2003, failure of the claimant to give the requisite presuit notice results in dismissal of the suit.  
Id.
 § 27.004(d).  But as Hernandez concedes in his brief, the prior version of the RCLA applicable to this suit contained no dismissal provision; instead, it provided for abatement of a suit where the claimant failed to provide the requisite presuit notice.  
See
 Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 10, 1995 Tex. Gen. Laws 2988, 2996
 
(amended 2003)
 (current version at
 
Tex. Prop. Code Ann.
 § 27.004(d))
.

The trial court submitted the following question to the jury as part of the charge:

Do you find that, 60 days preceding the filing of this suit by Philip Lautensack against Roy Hernandez, Philip Lautensack gave written notice by Certified Mail/Return Receipt Requested to Roy Hernandez specifying, in reasonable detail, the construction defects that are the subject of the complaint at a time when Roy Hernandez could have performed any of the following:

a. Within 35 days of receipt of the written notice, Roy Hernandez had a reasonable opportunity to inspect the property, to determine the nature and cause of the construction defect and the nature and extent of repairs necessary to remedy the construction defect?

. . . . 

b. Within 45 days of receipt of the written notice, make an offer to repair, or to have repaired by an independent contractor at Roy Hernandez’s expense, the construction defect described in the notice?

The jury answered “no” to both parts of the question. 

Hernandez argues that the jury’s answers to this question compel a judgment in his favor.  Hernandez does not argue that the content of Lautensack’s notice was deficient; rather, he argues that by replacing the roof before he sent his notice letter, Lautensack deprived Hernandez of the opportunity to inspect the property and offer to repair the alleged defects under RCLA section 27.004.

We reject Hernandez’s argument for several reasons.  First, the practical effect of Hernandez’s argument is to engraft the dismissal provision of the current RCLA onto the prior version that controls this case.  This we cannot do.  We must apply the law as the legislature wrote it.  
Reese v. Duncan,
 80 S.W.3d 650, 658 (Tex. App.—Dallas 2002, pet. denied). 
 Second, the RCLA’s intent to give a contractor a reasonable opportunity to inspect the property upon request was effectuated under the facts of this case.  The undisputed evidence at trial proved that Hernandez did in fact inspect the roof many times when he attempted to repair leaks before it was replaced and submitted a bid to replace the roof in September 2002.  Lautensack rejected Hernandez’s bid and chose to have his roof replaced by another contractor.  Third, the RCLA expressly provides that a contractor may make a monetary settlement offer, not just an offer to repair the defects.  
Tex. Prop. Code Ann.
 § 27.004(b), (n).  The fact that Lautensack had the defective roof replaced before he sent his notice letter did not deprive Hernandez of the opportunity to inspect the roof, make an offer to repair or replace the roof, or make a timely, monetary settlement offer.

The version of the RCLA that governs this suit simply does not provide for the result that Hernandez seeks.  We overrule his first issue.

No evidence of reasonable cost of repair

In his second issue, Hernandez argues that there was no evidence that Lautensack’s repair costs were reasonable.  We disagree.

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
“No Evidence”
 
and “Insufficient Evidence” Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
,
168 S.W.3d 802, 828 (Tex. 2005). 

A party seeking recovery for the cost of repairs must prove their reasonable value.  
Ebby Halliday Real Estate, Inc. v. Murnan,
 916 S.W.2d 585, 589 (Tex. App.—Fort Worth 1996, writ denied).  To establish the right to recover costs of repair, it is not necessary for a claimant to use the words “reasonable” and “necessary”; a claimant need only present sufficient evidence to justify a jury’s finding that the costs were reasonable and the repairs necessary.  
Id.;
  
Ron Craft Chevrolet, Inc. v. Davis
, 836 S.W.2d 672, 677 (Tex. App.—El Paso 1992, writ denied).

Kip Petty, the roofer who replaced the roof installed by Hernandez, testified without objection as an expert in residential roof installation generally and slate tile roofs specifically.  Petty testified that Hernandez failed to install adequate metal flashing, failed to space the slate tiles far enough apart, and improperly installed the roof underlayment.  He testified that because of these defects, the roof Hernandez installed “never had a chance” to be watertight. Petty determined after his first inspection that the roof could not be repaired and needed to be replaced.  He testified that he bid $32,330 to replace the roof, and  his invoice reflects that Lautensack paid the full amount. 

Don Gove testified that he performed structural carpentry work on Lautensack’s house in conjunction with Petty’s roof replacement.  Gove testified that Lautensack’s house was designed to carry a cedar shingle roof, which would weigh about a third as much as a slate tile roof.  Gove replaced several rafters that had sagged or broken under the weight of Hernandez’s roof. He performed this work according to the recommendations of a structural engineer.  Gove charged $2,400 for the structural work, plus another $1,500 for altering three dormer windows to accept appropriate flashing.  Gove specifically testified that those repairs were necessary. 

Other evidence showed that the Hernandez charged $20,000 for the roof he installed on Lautensack’s house and that Hernandez offered to replace his first roof for $9,100 plus $25,000 in slate to be provided by Lautensack.  Hernandez himself offered the estimate of another roofer to replace just 419 out of the 14,000 to 15,000 slate tiles on Lautensack’s roof for $22,015.  We conclude that this is some evidence to support the $24,750 in actual damages awarded by the jury as the reasonable cost of replacing Lautensack’s roof.  We overrule Hernandez’s second issue.

Excessive demand

In his final issue, Hernandez argues that the trial court erred by awarding attorney’s fees to Lautensack because the jury found that Lautensack’s settlement demand was excessive.  Once again, we disagree.

In 
Findlay v. Cave
, the supreme court held that a creditor who makes an excessive demand on a debtor is not entitled to attorney’s fees under 
Tex. Rev. Civ. Stats. Ann. 
art. 2226 (now chapter 38 of the civil practice and remedies code) for subsequent litigation required to recover the debt.  
611 S.W.2d 57, 58 (Tex. 1981); 
see
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.001–.002 (Vernon 1997).  A demand is not excessive simply because it is greater than what the jury later determines is actually due.
  Pratt v. Trinity Projects, Inc., 
26 S.W.3d 767, 769 (Tex. App.—Beaumont 2000, pet. denied).  The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith.  
Id.
; 
Allstate Ins. Co. v. Lincoln
, 976 S.W.2d 873, 876 (Tex. App.—Waco 1998, no pet.).  Application of this rule is limited to situations where the creditor refuses a tender of the amount actually due or indicates clearly to the debtor that such a tender would be refused.  
Findlay
, 611 S.W.2d at 58.

In this case, the record contains no evidence that Hernandez ever tendered the amount actually due, that Lautensack refused any such tender, or that Lautensack indicated to Hernandez that such a tender would be refused.  We hold, therefore, that there was legally insufficient evidence to support the jury’s finding that Lautensack’s demand was excessive and that the trial court did not err by disregarding that finding and awarding attorney’s fees to Lautensack.  
See 
Tex. R. Civ. P.
 301 (providing that trial court may disregard any jury finding that has no support in the evidence).  We overrule Hernandez’s third issue.

Lautensack’s Issues

Attorney’s fees

In his first issue, Lautensack argues that he conclusively proved reasonable and necessary attorney’s fees of $21,360 through the end of trial  and that the trial court erred by awarding him only the $10,680 in attorney’s fees—exactly half the amount he claimed—that the jury found were reasonable and necessary. 

The amount of reasonable attorney’s fees is usually a question for the fact finder.  
Ragsdale v. Progressive Voters League,
 801 S.W.2d 880, 882 (Tex. 1990).  The testimony of an interested witness on attorney’s fees generally does no more than raise a fact issue.  
Id.
  But testimony from an interested witness may prove attorney’s fees as a matter of law when the testimony is not contradicted by any other witness or attendant circumstances and is free from contradiction, inaccuracies, and circumstances tending to cast suspicion on the evidence, especially when the opposing party had the means and opportunity of disproving the testimony and failed to do so.  
Id.; see also Welch v. Hrabar
, 110 S.W.3d 601, 610-11 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); 
Elias v. Mr. Yamaha, Inc.
, 33 S.W.3d 54, 62-63 (Tex. App.—El Paso 2000, no pet.);
 Gulf Shores Council of Co-Owners, Inc. v. Raul Cantu No. 3 Family Ltd. P’ship, 
985 S.W.2d 667, 677 (Tex. App.—Corpus Christi 1999, pet. denied).

In this case, Lautensack’s attorney, Mr. Holland, testified that Lautensack had incurred reasonable and necessary attorney’s fees through the end of trial of $21,360.  He introduced as exhibits his monthly invoices, which reflected the work he performed, how long it took, and how much he charged for it.  Hernandez cross-examined Holland extensively, but the focus of the cross-examination was whether Lautensack had complied with the RCLA’s notice requirements.  The closest Hernandez came to controverting Lautensack’s attorney’s fees was when he asked whether the work Holland performed before sending the second demand letter was “premature,” to which Holland answered “no.”  Because Holland answered the question in the negative, his fees remained uncontroverted.

No other witness contradicted Holland’s testimony; indeed, no other witness testified about attorney’s fees.  Holland’s testimony and exhibits were free from contradiction, inaccuracy, and circumstances tending to cast suspicion on them.  Hernandez had the opportunity to contradict Holland’s testimony but failed to do so.

We hold that Lautensack proved reasonable and necessary attorney’s fees of $21,360 as a matter of law and sustain his first issue.

Refusal to permit additional testimony

In his second issue, Lautensack argues that the trial court erred by refusing to reopen testimony so that he could offer evidence of his anticipated attorney’s fees in the court of appeals and supreme court. 

Rule of procedure 270 provides that a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice.  
Tex. R. Civ. P.
 270.  
Rule 270 allows, but does not require, the court to permit additional evidence.  
Lopez v. Lopez
, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.).
 
 In determining whether to grant a motion to reopen, the trial court considers whether: (1) the moving party showed due diligence in obtaining the evidence, (2) the proffered evidence is decisive, (3) reception of such evidence will cause undue delay, and (4) granting the motion will cause an injustice.  
Word of Faith World Outreach Ctr. Church v. Oechsner
, 669 S.W.2d 364, 366-67 (Tex. App.—Dallas 1984, no writ).  The decision to reopen is within the trial court’s sound discretion.  
Estrello v. Elboar
, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.).  A trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion.  
See
 
id.  
The trial court should exercise its discretion liberally “in the interest of permitting both sides to fully develop the case in the interest of justice.”  
Word of Faith
, 669 S.W.2d at 366-67.

Lautensack had every opportunity 
to put on evidence of his appellate attorney’s fees before the trial court closed the evidentiary phase of the trial.  His attorney testified at length about his fees.  Nothing in the record shows that Lautensack was diligent in attempting to produce evidence of his appellate attorney’s fees in a timely fashion, nor does he address the question of diligence in his brief.  Under these circumstances, “the interests of justice do not warrant a second bite at the apple.”  
Estrello,
 965 S.W.2d 
at 759.  We hold that the trial court did not abuse its discretion by denying Lautensack’s motion to reopen the evidence.  We overrule his second issue.

Motion for judicial notice

Lautensack has filed a motion requesting that we take judicial notice of his attorney’s affidavit and other documents filed in the trial court and attached to his brief in this court.  Lautensack represents that those documents reflect what he would have claimed as appellate attorney’s fees if the trial court had allowed him to reopen the evidence.  Because we hold that the trial court did not abuse its discretion by refusing to reopen the evidence, we deny Lautensack’s motion for judicial notice as moot.

Conclusion

We overrule Hernandez’s issues and Lautensack’s second issue.  We sustain Lautensack’s first issue and modify paragraph 2 of the trial court’s judgment to state, “Plaintiff is entitled to recover from Defendant reasonable and necessary attorney’s fees in the amount of $21,360.”  We affirm the judgment as modified.  
See 
Tex. R. App. P.
 43.2(b).

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  April 13, 2006