COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-07-00228-CV |
| | § | |
| IN THE INTEREST OF P.L.H., S.R.H., | § | Appeal from the |
| AND C.H.H., MINOR CHILDREN | § | |
| | § | 301st Judicial District Court |
| | § | of Dallas County, Texas |
| | § | (TC# 05-04224-T) |
| | § | |

**O P I N I O N**

Susan Harriman appeals the trial court's order granting her ex-husband, Phillip

Harriman's motion to modify child support. Ms. Harriman presents seven issues for review. In

Issue One, she contends the trial court erred by awarding Mr. Harriman over $32,000 for

overpayment of child support. In Issue Two, Ms. Harriman challenges the judgment awarding

Mr. Harriman attorney's fees. In Issue Three, she argues the trial court erroneously awarded

Mr. Harriman court costs in addition to attorney's fees. Issue Four states that the trial court erred

by imposing "death penalty" sanctions against Ms. Harriman during trial. Issues Five and Six

challenge the trial court's denial of Ms. Harriman's motion for continuance, and motion to

reopen the evidence. In Issue Seven, Ms. Harriman argues any over-payment of child support by

Mr. Harriman was a debt which was discharged by her 2004 bankruptcy. Affirmed.

Phillip and Susan Harriman were divorced in Oklahoma in July of 2000. The divorce

decree ("the Oklahoma decree") was entered on August 20, 2001, and filed with the District

Clerk of Tulsa County, Oklahoma on January 7, 2002. The couple had three children during the

marriage, P.L.H., S.R.H., and C.H.H. Ms. Harriman was awarded custody of the children. Mr. Harriman was ordered to pay Ms. Harriman child support for the care and maintenance of the children in accordance with the "Oklahoma Child Support Guidelines," which the decree stated were to be attached and incorporated by reference. Due to a clerical error, the guidelines were omitted from the judgment when it was entered.

Beginning in August of 1999, Mr. Harriman's paychecks were subject to an "Order of Income Assignment" by the State of Oklahoma whereby his income was garnished up to $1,072 per month in accordance with Oklahoma law. Because the full amount exceeded the Oklahoma statutory limits for withholding, Mr. Harriman's actual child support payment was limited to $981.46 per month.

In February 2004, the parties returned to the Oklahoma District Court for entry of a nunc pro tunc order ("the 2004 nunc pro tunc"). In the nunc pro tunc judgment, the trial court noted that the divorce decree did not have a copy of the child support guidelines attached and therefore did not accurately reflect the judgment. The corrected judgment included the statutory guidelines, and a child support computation sheet which had been prepared during the original divorce trial in November of 2000. According to the computation sheet, Mr. Harriman's child support obligation was $481.20 per month. The cost of health insurance premiums and child care was not allocated to either party. The computation sheet lists each parent's obligation for those costs as $0. However, the computations did include a statement that Mr. Harriman would be responsible for 40 percent of the children's "other medical expenses."

On March 8, 2005, Mr. Harriman filed his original petition in Dallas County to modify the terms of the Oklahoma decree. Ms. Harriman responded to Mr. Harriman's petition on April

21, 2005 by filing a cross-petition for modification seeking "minimal possession" for Mr. Harriman and increase in child support.[1] On May 3, 2005, the Oklahoma District Court signed an order, per Ms. Harriman's request, declining continuing jurisdiction over all issues related to child support and custody in favor of the Dallas District Court. On June 6, 2006, Ms. Harriman filed the Oklahoma decree for registration in Texas. In September, Ms. Harriman returned to the Oklahoma district court for a second nunc pro tunc order (the 2006 nunc pro tunc) further clarifying the Oklahoma decree. The 2006 nunc pro tunc judgment stated both that the Oklahoma decree was incomplete, and that the 2004 nunc pro tunc judgment failed to properly correct the errors in the decree. The 2006 nunc pro tunc stated that the Oklahoma decree was to be corrected by incorporating the following language:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the [Oklahoma decree] filed in this matter on January 7, 2002, is hereby corrected effective January 7, 2002 to reflect the following findings of the Court:
>> 'That on the [sic] July 2, 2000 the Court finds income for [Ms. Harriman] is $42,000 annually or $3,500/month and income for [Mr. Harriman] is $27,452.23 or $2,288.00 per month; the Court orders child support to be paid by [Mr. Harriman] to [Ms. Harriman] according to the most recent Oklahoma Child Support Guidelines, and that [Mr. Harriman's] child support shall be computed as a proportionate percentage of the combined gross income of both parents; the Court finds that [Mr. Harriman's] proportionate percentage is 40%; the Court finds that child support obligations owed by [Mr. Harriman] to [Ms. Harriman] include all obligations covered under Oklahoma statute, and [Mr. Harriman] is ordered to [Ms. Harriman] child support computed as follows: $481.20 base support plus [Mr. Harriman's] 40% share of the following: all child care expenses, actual medical, dental, orthodontic, optometric, psychological, hospitalization, hospice, prescriptions and any other physical or mental health expenses of the minor children not reimbursed by insurance; [Mr. Harriman] is ordered to pay [Ms. Harriman] insurance premiums paid by [Ms. Harriman] for the benefit of the children; [Mr.

---

[1] Ms. Harriman did not file a petition for enforcement or modification of the Oklahoma decree in either jurisdiction.

-3-

Harriman] shall reimburse [Ms. Harriman] for his 40% proportionate share of unreimbursed medical expenses within thirty (30) days of the receipt of documentation of the expense, as stipulated by statute.'

A bench trial commenced on September 18, 2006. During opening statements, the parties were able to agree and stipulate that Mr. and Ms. Harriman would be appointed joint managing conservators of the children, with Ms. Harriman granted the right to establish the children's primary residence. Mr. Harriman received the right to possession of the children pursuant to a standard possession order as provided by the Texas Family Code. Trial proceeded on Mr. Harriman's claim that he was owed a credit for child support overpayment and for attorney's fees. In support of his overpayment claim, Mr. Harriman introduced evidence indicating that the Oklahoma decree required him to pay only $481.20 per month. He therefore requested that the Court issue a declaratory judgment stating that he had overpaid his child support obligation by $500.26 per month since the date the decree was rendered. He also asked the trial court to modify his support obligation pursuant to the Texas guidelines and apply a credit of more than $30,000 to future child support payments. Mr. Harriman's attorney presented evidence of over $100,000 in fees for the representation.

Ms. Harriman represented herself at trial. During her presentation, Ms. Harriman argued that Mr. Harriman had failed to pay his proportionate share of the children's medical expenses as required by the Oklahoma decree. However, Ms. Harriman was not able to produce evidence that the expenses had been submitted to Mr. Harriman for reimbursement within thirty days of their payment as required by the decree. Due to a pretrial order excluding Ms. Harriman's evidence for failure to comply with pretrial orders, she did not present evidence of medical expenses.

The trial court entered a modification order on December 6, 2006. The trial court concluded that it was the only court with continuing exclusive jurisdiction over the case, and took judicial notice of the Oklahoma District Court's order declining continuing jurisdiction. Mr. and Ms. Harriman were appointed joint managing conservators of the children, with the terms of possession to be governed by the Texas Family Code's standard possession order. Ms. Harriman was awarded the right to establish the children's primary residence. Mr. Harriman was ordered to pay $727.49 per month to Ms. Harriman for the children's support. Mr. Harriman was also ordered to maintain health insurance for all three children. The order also provides that as of December 2006, Mr. Harriman was entitled to a child support credit in the amount of $32,016.64 for prior over payment. The court ordered that this credit would be applied to future support payments as a deduction of $500 per month for sixty four consecutive months.

The trial court awarded Mr. Harriman $50,000 for attorneys fees and costs. The court also made contingent awards of $10,000 in the case of an unsuccessful appeal, and an additional $5,000 in the case of a denied petition for review to the Texas Supreme Court. Ms. Harriman appeals both the trial court's modification and the attorney's fee award.

In Issue One, Ms. Harriman asserts that the trial court's decision to grant Mr. Harriman a declaratory judgment and award him a credit for overpayment of child support was in error. She argues that the root of the trial court's error was in its failure to recognize and enforce the second Oklahoma nunc pro tunc judgment. Had that order been enforced, Ms. Harriman continues, she would have been awarded an amount equal to Mr. Harriman's 40 percent share of the children's medical expenses. These medical expenses would have offset some, or all, of Mr. Harriman's credit for overpayment, reducing or eliminating the judgment being appealed here. Mr. Harriman

responds by arguing that the second nunc pro tunc was a "judicial," rather than "clerical" correction of the Oklahoma decree, and was therefore void according to the law in either state.

The central inquiry in this issue is the validity of the second nunc pro tunc judgment. This is a question of law, which we review *de novo*. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). Under both Texas and Oklahoma law, a judgment nunc pro tunc may be used only to correct "clerical," as opposed to "judicial" errors in a judgment. *See Escobar*, 711 S.W.2d at 231; *Stork v. Stork*, 898 P.2d 732, 736-37 (Okl. 1995). According to Oklahoma law,

> Nunc pro tunc relief is limited to supplying *inadvertent clerical omission* and correcting *facial mistakes* in recording judicial acts that actually took place. In short, a nunc pro tunc order *can and will* place of record what was *actually decided* by the court *but was incorrectly recorded*. The device may neither be invoked as a vehicle to review a judgment (or to exercise legal errors found in it) nor as a means to enter a different judgment.

*Stork*, 898 P.2d at 736-37 [Emphasis in original].

The nunc pro tunc order issued in this case did more than simply correct a clerical omission or facial mistake in the Oklahoma divorce decree. Here, the Oklahoma Court attempted to alter the support obligation imposed by the decree rendered in 2000. This was not a clerical error in how the Oklahoma decree was recorded. Rather, this nunc pro tunc was an attempt to add and change child support provisions. The Dallas court did not err by failing to enforce the 2006 nunc pro tunc, as it constituted an impermissible judicial correction, and was therefore void as a matter of Oklahoma law. Issue One is overruled.

In Issue Two, Ms. Harriman argues the trial court erred by granting Mr. Harriman's request for attorney's fees. This argument is founded on her conclusion, in Issue One, that Mr. Harriman had no right to declaratory relief. Given our disposition of Issue One, we also

overrule Issue Two.

Issue Three states the trial court erred by awarding Mr. Harriman court costs pursuant to Rule 131 of the Texas Rules of Civil Procedure. The discussion of this issue simply recites the trial court's comments during a hearing on Mr. Harriman's motion for entry of judgment, and concludes that the judgment does not agree with the court's statement that its $50,000 award was inclusive of attorney's fees and costs. The brief fails to offer any legal analysis or citation to legal authority.

It is the appellant's burden to properly raise and discuss the issues presented for review. *See* TEX.R.APP.P. 38.1(f); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.--El Paso 2007, pet. stricken). The brief must contain a clear and concise argument, including appropriate citations to legal authority and the record. *See* TEX.R.APP.P. 38.1(h). This requirement is not met by merely uttering conclusory statements without legal citation. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). Failure to provide substantive analysis results in wavier of the issue presented. *See Martinez*, 218 S.W.3d at 844.

Because Ms. Harriman's briefing on Issue Three does not comply with Texas Rule of Appellate Procedure 38.1, the issue is waived.

Issue Four challenges the trial court's exclusion of Ms. Harriman's trial exhibits. Ms. Harriman argues that the trial court's ruling was an unjust sanction, and therefore constituted an abuse of discretion. She concludes that an improper judgment was rendered because she was not permitted to offer her exhibits into evidence at trial.

On May 31, 2006, the trial court entered a supplemental pretrial order requiring each party to deliver to the other, "all exhibits to be introduced at trial of this case" by August 28.

During a pretrial hearing on September 8, Mr. Harriman's attorney moved to exclude all of Ms. Harriman's trial exhibits on the ground that she failed to comply with the court's pretrial order. According to Mr. Harriman's attorney, all Ms. Harriman had tendered was a laundry list of documents she intended to introduce at trial. Ms. Harriman responded by insisting that she had attempted to comply with the court's order but that delivery had been refused by Mr. Harriman's lawyer. When the court asked Ms. Harriman if she had any evidence that she attempted to deliver the documents as she claimed, she was not able to produce additional evidence. The trial court ultimately excluded all of Ms. Harriman's exhibits for failure to comply with the discovery order.

A trial court's ruling on a motion for discovery sanctions is reviewed for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Id*. at 838-39. Instead the reviewing court must ask "whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The ruling should only be reversed if the record demonstrates the trial court acted arbitrarily or unreasonably. *Cire*, 134 S.W.3d at 839.

A trial court abuses its discretion by imposing an unjust sanction. *Aguilar v. Morales*, 162 S.W.3d 825, 831 (Tex.App.--El Paso 2005, pet. denied), *citing TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). A sanction is just if: (1) there is a direct nexus between the offensive conduct, the offender and the sanction imposed; and (2) the sanction is not excessive. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003). Ms. Harriman's argument is limited to her assertion that the trial court's ruling constituted an excessive sanction.

Her brief does not address the nexus, or lack thereof, between her failure to comply with the trial court's order and the exclusion of her trial exhibits. Therefore it is not necessary to review the first prong of the *TransAmerican* analysis.

A discovery sanction must not be more severe than is necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *Mayer*, 104 S.W.3d at 882. The trial court must also consider whether other, less stringent sanctions would be effective to remedy the offensive conduct. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992).

Our rules of civil procedure provide specific actions a trial court may take after determining that a party is abusing the discovery process. Pursuant to Rule 215.3, the court may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8). *See* TEX.R.CIV.P. 215.3. The trial court's options include prohibiting a party from introducing designated matters in evidence. *See* TEX.R.CIV.P. 215.2(b)(4).

The record shows that Ms. Harriman had been sanctioned for failure to comply with discovery requests and orders several times prior to the September 8 hearing. On June 7, 2005, the trial court granted a motion for sanctions due to Ms. Harriman's failure to respond to Mr. Harriman's request for production, and her failure to appear for deposition on three different occasions. On September 15, 2005, the trial court entered its second sanctions order, again ordering Ms. Harriman to appear for deposition, and ordering her to pay $1,200 in attorney's fees and costs to Mr. Harriman's attorney. The following January, the trial court entered an additional order regarding Ms. Harriman's response to Mr. Harriman's request for production, specifically ordering her to reorganize her production response so that the documents corresponded to

-9-

Mr. Harriman's request. The court also ordered Ms. Harriman to produce the children's medical records and contact information for health care providers as requested by Mr. Harriman. Finally, during the September 8 hearing, the trial court specifically inquired whether Ms. Harriman had any evidence to support her assertion that delivery was refused by Mr. Harriman's attorney. She was not able to do so. Her argument was refuted by Mr. Harriman's attorney, who represented to the court that delivery was never attempted, and would not have been refused by his office.

Based on her history of discovery abuse, and failure to comply with the trial court's orders, the court's decision to exclude Ms. Harriman's trial exhibits was not excessive. The record demonstrates that the trial court considered, and imposed, lesser sanctions when earlier discovery abuses arose, without success. Accordingly, the court's decision to impose a Rule 215.2(b) sanction was not an abuse of discretion. Issue Four is overruled.

In Issue Five, Ms. Harriman argues the trial court erred by denying her motion for continuance. We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex.App.--El Paso 2007, pet. denied).

A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See Serrano*, 241 S.W.3d at 564. If the motion is not verified or supported by an affidavit, the reviewing court must presume the trial court did not abuse its discretion by denying the motion. *See Serrano*, 241 S.W.3d at 564. Verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the documents." *Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex.App.--El Paso 2006, no pet.).

The trial court signed an order permitting Ms. Harriman's attorney to withdraw from the case on June 21, 2006. Ms. Harriman filed a *pro se* motion for continuance on July 14, 2006. At that time, the case was set for trial on September 18, 2006. The motion represented to the court that Ms. Harriman had only just received her case file from her attorney, that she was pursuing additional orders in the Oklahoma District Court which would affect Mr. Harriman's claim for child support overpayment, and that the psychologist who had been ordered to investigate the family's relationships would require at least until January 2007 to complete her review.

The motion was heard in the trial court on August 22, 2006. Mr. Harriman's attorney objected on the basis that the motion failed to comply with the rules of civil procedure as it was not verified and did not include an affidavit. The court denied the motion on the record during the hearing.

Ms. Harriman admits that her motion failed to comply with the rules. However, she argues that the factual circumstances surrounding the motion are sufficient to overcome the presumption that the trial court's ruling was not an abuse of discretion. Specifically, she contends that her lack of an attorney three months before trial put her at a disadvantage which led to the court's exclusion of her trial exhibits, and that the continuance was necessary to allow the Oklahoma Court to conclude and transcribe its proceedings for use in the Texas case.

The issue of her representation was not raised in Ms. Harriman's motion, nor did she express concern over finding a replacement attorney to the court at the August hearing. As we discussed above, Ms. Harriman's trial exhibits were struck due to her failure to comply with a discovery order which the trial court entered approximately four months prior to trial. In

-11-

addition, there was no necessity for the Dallas Court to postpone the case further to wait for rulings on Ms. Harriman's Oklahoma motions. Therefore, Ms. Harriman has failed to overcome the presumption that the trial court's ruling was an abuse of discretion, and Issue Five is overruled.

Issue Six addresses the trial court's denial of Ms. Harriman's motion to reopen the evidence. Ms. Harriman argues the court erred by refusing to consider her offer of proof, or bill of exceptions, which she asserts contain the evidence she would have offered at trial if she had been permitted to introduce her exhibits and witness testimony.

We review the denial of a motion to reopen the evidence under an abuse of discretion standard. *Hernandez v. Lautensack*, 201 S.W.3d 771, 779 (Tex.App.--Fort Worth 2006, pet. denied). Texas Rule of Civil Procedure 270 provides that a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice. TEX.R.CIV.P. 270. Rule 270 allows, but does not require, a court to permit additional evidence. *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex.App.--Corpus Christi 2001, no pet.). When considering a motion to reopen, the trial court considers whether: (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will cause injustice. *Hernandez*, 201 S.W.3d at 779. The decision to reopen is within the trial court's sound discretion. *Id.*

The trial court's refusal to allow Ms. Harriman to introduce evidence at trial was due to Ms. Harriman's own failure to comply with discovery orders. In addition, it is important to note that Ms. Harriman did not have claims for affirmative relief pending at the time of trial. She was

-12-

before the court solely as the respondent in the modification proceeding, and so had no claim which she was prevented from establishing with evidence. Under these circumstances, the interests of justice did not require the court to provide Ms. Harriman with a second chance to present her case. *See id*. Issue Six is overruled.

In Ms. Harriman's Seventh Issue, she argues that to the extent Mr. Harriman did pay excess child support between 2001 and July 2004, the "debt" was discharged when she was discharged from bankruptcy. Because Ms. Harriman failed to plead this defense in the trial court as required by Rule 94 of the Texas Rules of Civil Procedure, we need not address this issue. *See* TEX.R.CIV.P. 94; *Sparks v. Booth*, 232 S.W.3d 853, 871 (Tex.App.--Dallas 2007, no pet.). Issue Seven is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


February 24, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.