**Opinion issued December 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00777-CV

———————————

## JAMES D.C. ROBINSON AND CLAIR E.M. ROBINSON, Appellants

## V.

## MURALI BONTHA AND SWATHI BONTHA, Appellees

On Appeal from the County Court at Law No. 1
Tarrant County, Texas[1]
Trial Court Case No. 2018-006220-1

## MEMORANDUM OPINION

Appellants, James D.C. Robinson and Clair E.M. Robinson, sued appellees,

Murali Bontha and Swathi Bontha, for breach of a lease contract and violations of

---

[1]     The Texas Supreme Court transferred this appeal to this Court from the Court of
        Appeals for the Second District of Texas. *See* TEX. GOV'T CODE § 73.001
        (authorizing transfer of cases between courts of appeals).

the Texas Property Code, namely, bad-faith retention of a security deposit and failure to provide an accounting of deductions.[2]  The trial court granted summary judgment in favor of appellants.  In two issues, appellants contend that the trial court erred in calculating their damages and erred in awarding attorney's fees.

We modify the trial court's judgment and affirm as modified.

## Background

On July 6, 2018, appellants sold their residential real property to appellees.  In conjunction with the sale, appellees granted appellants a three-week leaseback, or temporary lease prior to vacating.  Pursuant to the Seller's Temporary Residential Lease Agreement (the "Lease"), the term of the Lease was from July 6, 2018 through July 27, 2018, and appellants were not charged any rental fees.  Appellants paid appellees a security deposit of $3,600.00, which the Lease authorized appellees to use to satisfy appellants' obligations therein.  However, appellees were required to refund any unused portion of the deposit to appellants, together with an itemized list of any deductions, within 30 days after appellants surrendered possession of the property and provided appellees with written notice of their forwarding address.

Appellants alleged in their petition that, when the term of the Lease expired, they vacated the property and hand-delivered to appellees a notice of forwarding address.  However, appellees refused, after demand, to return the security deposit or

---

[2]    *See* TEX. PROP. CODE §§ 92.103, 92.104, 92.109.

2

to provide an accounting. Appellants brought claims against appellees for breach of the Lease and for violations of the Property Code, i.e., bad-faith retention of their security deposit and failure to provide an accounting.[3] Appellants sought the return of their deposit, statutory damages, and attorney's fees. Appellees answered, generally denying the allegations.

Appellants then filed a motion for summary judgment, asserting that they were entitled to judgment on their claims for violations of the Property Code and, alternatively, on their claim for breach of the Lease. They asserted that the evidence established that they paid appellees a refundable security deposit of $3,600.00 and that, when the Lease term expired, they vacated the property and hand-delivered to appellees a notice of forwarding address. They asserted that appellees were required to refund their deposit and to provide a written accounting of any deductions no later than August 26, 2018. However, despite receiving the written demand, appellees did neither. Appellants asserted that the evidence conclusively showed that appellees acted in bad faith, as defined in the Property Code.[4]

Appellants asserted that they were entitled to statutory damages in the amount of $14,500.00, comprised of "forfeiture of the $3,600.00 security deposit, three times the amount of the security deposit withheld or $10,800.00, plus an additional $100

---

[3]     *See id*. §§ 92.103, 92.104, 92.109.

[4]     *See id*. § 92.109.

under the statute."[5]  They also sought attorney's fees through trial in the amount of $16,611.26, plus fees for appeal.  They attached to their motion, as supplemented, the Lease, a copy of the security deposit check, Inventory and Condition Forms, a notice of forwarding address, a demand letter, the affidavit of appellant James D.C. Robinson, and an affidavit and various billing records in support of their attorney's fees.

In their summary-judgment response, appellees asserted that they inspected the property after appellants vacated and "found damages."  They asserted that appellants did not leave a forwarding address.  Appellees asserted that they provided an itemized accounting and remaining deposit to their real estate agent, who forwarded the items to appellants' agent.  Appellees did not attach any evidence.

The trial court granted summary judgment in favor of appellants and awarded damages in the amount of $10,900.00, attorney's fees through trial in the amount of $5,000.00, and attorney's fees of $8,000.00 for appeal; $3,000.00, in the event of a petition for review to the Texas Supreme Court; $8,000.00, in the event that briefing were required; and $5,000.00 for representation through oral argument and the completion of proceedings in the supreme court.

---

[5]  *See id*. § 92.109(a).

4

## Summary Judgment

In their second issue, appellants assert that the trial court erred in calculating their damages on their claims for violations of the Property Code. *See* TEX. PROP. CODE §§ 92.103, 92.104, 92.109.

### A. *Standard of Review*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, a movant has the burden to establish that he is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for summary judgment on his own claim, he must conclusively prove all essential elements of his cause of action. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). If the movant meets his burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When deciding whether there is a disputed, material fact issue, evidence favorable to the non-movant is taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every

reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id*. at 549.

**B.** *Legal Principles*

Texas Property Code chapter 92, subchapter C, governs the rights of landlords and tenants with respect to security deposits applicable to residential leases. *See* TEX. PROP. CODE §§ 92.101–.110. Section 92.103 provides that a landlord "shall refund a security deposit to the tenant on or before the 30th day after the date the tenant surrenders the premises," with the exception in section 92.107 below. *Id.* § 92.103. Section 92.104 provides that a landlord "may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease." *Id.* § 92.104(a). "If the landlord retains all or part of a security deposit under this section, the landlord shall give to the tenant the balance of the security deposit, if any, together with a written description and itemized list of all deductions. . . ." *Id.* § 92.104(c). Section 92.107 provides that a landlord is not obligated to return a tenant's security deposit or to give the tenant a written description of deductions until the tenant gives the landlord a written statement of forwarding address. *Id.* § 92.107 (noting, however, that tenant does not forfeit right to refund of deposit or right to receive description of deductions merely for failing to give forwarding address to landlord).

Section 92.109 provides that a landlord who fails to return the security deposit or fails to provide a written description and itemization of deductions within 30 days after the date the tenant surrenders possession is "presumed to have acted in bad faith" and is subject to the following:

(a)  A landlord who in bad faith retains a security deposit in violation of this subchapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit.

(b)  A landlord who in bad faith does not provide a written description and itemized list of damages and charges in violation of this subchapter:

(1)  forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises; and

(2)  is liable for the tenant's reasonable attorney's fees in a suit to recover the deposit.

(c)  In an action brought by a tenant under this subchapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable.

(d)  A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith.

*Id.* § 92.109.

## C.  *Analysis*

Appellants' summary-judgment evidence includes a copy of the Lease and their deposit check, which reflect that, on July 6, 2018, they paid appellees a security deposit of $3,600.00 and began occupying the property under the terms of the Lease,

7

which provided for a three-week term ending on July 27, 2018. The Lease also provided that appellees "shall refund" the deposit, with an itemized list of any deductions, within 30 days after appellants vacated and gave written notice of their forwarding address. Appellant James D.C. Robinson testified in his affidavit that, when the Lease expired, appellants vacated the property and hand-delivered to appellees a notice of forwarding address. Because appellants presented evidence that they vacated the property at the end of the Lease term, on July 27, 2018, and provided written notice of their forwarding address, appellants were entitled to the return of their deposit and an itemized list of any deductions within 30 days, or by August 26, 2018. *See id*. §§ 92.103, 92.104. Robinson testified that appellees neither returned their security deposit nor provided an accounting. Thus, appellees were presumed under section 92.109 to have acted in "bad faith." *See id*. § 92.109(d).

Appellees then had the burden to present evidence that their retention of the deposit was reasonable. *See id.* § 92.109(c); *Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-CV, 2016 WL 3569756, at *6 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op.); *Pulley v. Milberger*, 198 S.W.3d 418, 431 (Tex. App.—Dallas 2006, pet. denied); *see also Siegler*, 899 S.W.2d at 197 (holding that once movants meet their burden, burden shifts to non-movants to raise genuine issue of material fact precluding summary judgment).

8

In their summary-judgment response, appellees did not present any evidence to rebut the presumption or establish that their retention of the deposit was reasonable. *See* TEX. PROP. CODE § 92.109(c), (d). Accordingly, the trial court granted summary judgment in favor of appellants and awarded them damages in the amount of $10,900.00.

Appellants assert on appeal that the trial court erred by not awarding them the full amount of statutory damages to which they were entitled. Specifically, they assert that they "should have received the return of their security deposit in the amount of $3,600.00," citing section 92.103, "*plus* treble damages for bad faith retention of [their] deposit, as well as the sum of $100.00," citing section 92.109, for a "total award of $14,500.00." *See id.* §§ 92.103, 92.109 (emphasis added).

We review the trial court's interpretation of the statutes at issue de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective is to ascertain and to give effect to the legislature's intent as expressed in the language of the statutes. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). In so doing, we look first to the plain and common meaning of the statutes' words, and apply any definitions that the legislature prescribes. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *see also* TEX. GOV'T CODE § 311.011(b). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd

result." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). We presume that the legislature intends for the entire statute to be effective and that its application yield a just and reasonable result. TEX. GOV'T CODE § 311.021(2)-(3); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). We do not examine any terms or provisions in isolation; rather, we read the statutes as a whole. *Gutierrez*, 237 S.W.3d at 873.

Reading the statutes together as a whole makes clear that sections 92.103 and 92.104 create statutory liability for a landlord who does not return a security deposit, along with a list of any deductions, within 30 days after the tenant vacates the property. *See* TEX. PROP. CODE §§ 92.103, 92.104. A landlord who fails to timely comply with either section 92.103 or 92.104, or both, is presumed to have acted in "bad faith" under section 92.109(d). *See id.* § 92.109(d); *Frazin v. Sauty*, No. 05-15-00879-CV, 2016 WL 7163858, at *6 (Tex. App.—Dallas Nov. 7, 2016, pet. denied) (mem. op.) (holding that, because jury found that landlord failed to return security deposit, "[a] bad faith failure to return the security deposit was presumed"). Barring evidence from the landlord to rebut the presumption, *see* TEX. PROP. CODE § 92.109(c), the damages for a violation of section 92.103 or 92.104, or both, are as stated in sections 92.109(a) and (b). *See id.* § 92.109(a), (b). Section 92.109(a) provides that a landlord who in bad faith "retains a security deposit in violation of this subchapter," i.e., in violation of section 92.103, is liable for the sum of $100.00,

10

treble damages, and attorney's fees. *Id*. § 92.109(a). And, a landlord who acts in bad faith in failing to provide an accounting of deductions, i.e., in violation of section 92.104, forfeits the right to withhold any portion of the deposit or to recover for damages to the premises and is liable for attorney's fees. *See id*. § 92.109(b).

Here, because appellees failed to return appellants' deposit and failed to return an accounting, and failed to rebut the presumption of bad faith that arose, appellees forfeited their right to make deductions and thus were liable to appellants for damages in the amount of $100.00, plus three times the full amount of their deposit, i.e., $3,600.00, for a total of $10,900.00. *See id*. § 92.109(a), (b). This conclusion is supported in the caselaw.

In *Frazin*, a jury found that the landlord failed to return the tenants' security deposit and failed to provide them with a written description and itemized list of damages and charges within 30 days after the end of the lease term and the receipt of the tenants' written statement of their forwarding address. 2016 WL 7163858, at *3. The jury found that the tenants were entitled to a refund of $2,195.00, the full amount of their security deposit. *Id.* The trial court found that the landlord acted in bad faith as a matter of law. *Id.* Applying section 92.109(a), the trial court awarded the tenants damages of $100.00, plus three times their actual damages of $2,195.00, for a total of $6,685.00, which the court of appeals affirmed. *Id.*

11

In *Hardy v. 11702 Memorial, Ltd.*, this court held that the "uncontradicted evidence that [the] landlord neither returned the deposit nor sent [the] tenant an itemized list of deductions within 30 days" after her surrender of the property established as a matter of law the landlord's bad faith in retaining her entire $20,250.00 security deposit. 176 S.W.3d 266, 272, 275–76 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Thus, the tenant was entitled to recover "statutory damages under sections 92.109(a) and (b) of the Property Code in the amount of (1) $100, plus (2) her entire security deposit of $20,250 multiplied three times for a total of $60,750, plus (3) her reasonable attorney's fees." *Id.* at 276.

Appellants do not direct us to any authority supporting their assertion that they are entitled to actual damages, i.e., the full amount of their $3,600.00 deposit, *plus* treble that amount, $10,800.00, or quadruple their actual damages. *Cf. Smith v. Kinslow*, 598 S.W.2d 910, 915 (Tex. Civ. App.—Dallas 1980, no writ.) (construing DTPA as not authorizing recovery of both actual and treble damages).

We hold that the trial court did not err in calculating appellants' damages.

We overrule appellants' second issue.

## Attorney's Fees

In their first issue, appellants assert that the trial court erred in not awarding them the full amount of their attorney's fees.

Appellants moved for a summary judgment on their request for attorney's fees pursuant to Property Code section 92.109(a), which provides that a "landlord who in bad faith retains a security deposit in violation of this subchapter is liable for . . . the tenant's reasonable attorney's fees in a suit to recover the deposit." *See* TEX. PROP. CODE § 92.109(a).

Ordinarily, the amount of an award of attorney's fees rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). In determining the reasonableness of attorney's fees, courts consider:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

13

Fixing the amount of reasonable attorney's fees is usually a question for the fact finder. *Hernandez v. Lautensack*, 201 S.W.3d 771, 778 (Tex. App.—Fort Worth 2006, pet. denied). The testimony of an interested witness on attorney's fees generally does no more than raise a fact issue. *Id.* However, when the "testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Ragsdale*, 801 S.W.2d at 882; *see also Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 548 (Tex. 2009); *Hernandez*, 201 S.W.3d at 778. This is especially true when the opposing party has the means and opportunity to disprove the testimony or evidence and fails to do so. *Ragsdale*, 801 S.W.2d at 882; *see Hernandez*, 201 S.W.3d at 778. "[A]n affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted." *Gaughan v. Nat'l Cutting Horse Ass'n*, 351 S.W.3d 408, 423 (Tex. App.—Fort Worth 2011, pet. denied) (internal quotations omitted).

Here, in support of their motion, appellants attached the affidavit of their counsel, Eric F. Dankesreiter, and fee invoices. In his affidavit, as supplemented, Dankesreiter testified that he has been a licensed, practicing attorney in Texas since 1996. He has primarily practiced in Denton, Dallas, Collin, and Tarrant Counties.

14

He testified that members of his firm had "spent approximately 63.29 hours on this matter at rates between $200 to $300 per hour." Their work included communications with the client and opposing counsel; drafting pleadings and responses to discovery; attending hearings and mediation; and preparation for and attending the trial. Specifically, he spent 19.2 hours at $300 per hour; Debra S. Crafton spent 5.85 hours at $275 per hour; Thomas Emmet spent approximately 32.89 hours at $200 to $230 per hour; and, his paralegals spent approximately 5.27 hours at $100 to $125 per hour. He testified regarding each person's qualifications and that their rates were reasonable in Denton County, Texas. He attached fee invoices and opined that the fees were reasonable and necessary in order to defend and prosecute this matter, based on the *Arthur Andersen* factors. *See* 945 S.W.2d at 818. Dankesreiter testified that appellants incurred reasonable and necessary attorneys' fees in the amount of $16,611.26 through trial.[6]

Dankesreiter's testimony is clear, direct, positive, and free from contradiction. *See Ragsdale*, 801 S.W.2d at 882. Appellees had the means and opportunity to disprove the testimony or evidence and did not file controverting evidence. *See Gaughan*, 351 S.W.3d at 423. Thus, appellants established as a matter of law their

---

[6] Dankesreiter further testified that reasonable and necessary fees included $8,000.00 in the event of an appeal, $3,000.00 in the event of a petition for review, $8,000.00 in the event that review was granted and briefing was required, and $5,000.00 for representation through oral argument and the completion of proceedings. The trial court awarded these fees as requested.

15

reasonable attorney's fees through trial in the amount of $16,611.26. *See* TEX. PROP. CODE § 92.109(a); *Ragsdale*, 801 S.W.2d at 882; *Hernandez*, 201 S.W.3d at 778–79. We hold that the trial court erred in awarding appellants only $5,000.00 in attorney's fees through trial.

We sustain appellants' first issue.

## Conclusion

We modify the portion of the trial court's judgment in which it awards appellants "reasonable and necessary attorney's fees through trial in the amount of $5,000.00" to state, "reasonable and necessary attorney's fees through trial in the amount of $16,611.26." We affirm the trial court's judgment as modified.[7]


Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Kelly.

---

[7] *See* TEX. R. APP. P. 43.2(b); *Hernandez*, 201 S.W.3d at 779.